IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

GARY D. HERAL                                                                                                    PLAINTIFF

v.                                              No. 4:08CV00272 JLH

UNUM LIFE INSURANCE COMPANY OF AMERICA and
THE PAUL REVERE LIFE INSURANCE COMPANY                                          DEFENDANTS

**OPINION AND ORDER**

Gary Heral commenced this action in the Circuit Court of Pulaski County, Arkansas, against Unum Life Insurance Company for breach of contract and the tort of bad faith under Arkansas law. Unum Life Insurance removed the action to this Court based on diversity jurisdiction. Heral amended his complaint to add Paul Revere Life Insurance Company as a defendant. The defendants have now moved for summary judgment, arguing that ERISA, 29 U.S.C. § 1001, *et seq.*, preempts Heral's state law claims. For the following reasons, the defendants' motion is denied.

**I.**

Gary Heral is the sole shareholder of Heral Enterprises, Inc., an Arkansas corporation that sells grocery packaging supplies, janitorial supplies, and vacuum cleaners. He receives a salary as an employee of his company. In 1991, Heral applied to Paul Revere for a disability income policy, and Paul Revere issued the policy. Heral Enterprises pays the premiums on the policy and does not report those payments as income to Heral.

Four years later, in 1995, Kevin Anglin became employed by Heral Enterprises. Anglin negotiated with Heral Enterprises for a compensation package that included income to pay the premiums on a disability policy and a life insurance policy through a guaranteed bonus. Anglin applied to Paul Revere for a disability income policy and Paul Revere issued the policy. Heral

Enterprises pays the premiums but includes the amounts paid as income reported on Anglin's W-2. Around the same time in 1995, Kasey Heral – who is Gary Heral's daughter and secretary for Heral Enterprises – also applied to Paul Revere for a disability income policy, and Paul Revere issued the policy. Heral Enterprises paid the premiums on Kasey Harel's policy. Because the bills for both policies were sent to the same company, Paul Revere declared them part of an Employee Security Plan and discounted the premiums by 20%. Paul Revere transferred Gary Heral's policy to the "Employee Security Plan" but did not discount the premium for his policy because it was issued four years earlier than the other two. Kasey Heral's policy was allowed to lapse in 1999, but Anglin's and Gary Heral's have continued in effect.

Gary Heral was diagnosed with prostate cancer in 2001 and subsequently underwent surgery in 2002. Complications from the surgery have resulted in problems with his blood flow for which he continued to receive treatments. His claim for disability benefits was denied. He filed a lawsuit against Unum Life Insurance[1] in Pulaski County Circuit Court, alleging breach of contract and bad faith under Arkansas law. Unum Life Insurance removed the action to this Court based on diversity jurisdiction. Heral amended his complaint to add Paul Revere, which is the company that issued the policies. The insurance companies have moved for summary judgment, arguing that Heral's state law claims are preempted by ERISA. Heral argues that his individual disability policy is not covered by ERISA.

---

[1] Paul Revere is a subsidiary of Unum Group. The name "Unum" appears on the cover to the policy and on the letterhead of correspondence. Some of the claims correspondence was signed on behalf of the Paul Revere Life Insurance Company, but at least one letter was signed on behalf of Unum Life Insurance Company.

## II.

A court should enter summary judgment if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(c); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986); *Cheshewalla v. Rand & Son Constr. Co.*, 415 F.3d 847, 850 (8th Cir. 2005).  A genuine issue of material fact exists only if there is sufficient evidence to allow a jury to return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 249, 106 S. Ct. at 2511.

## III.

The issue is whether Gary Heral's disability policy is part of an employee benefit plan and therefore governed by ERISA.  Whether an ERISA plan exists is a mixed question of fact and law. *Kulinski v. Medtronic Bio-Medicus, Inc.*, 21 F.3d 254, 256 (8th Cir. 1994).  ERISA defines an employee welfare benefit plan as:

> [A]ny plan, fund, or program which was heretofore or is hereafter established or maintained by an employer or by an employee organization, or by both, to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise . . . medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, death or unemployment . . . .

29 U.S.C. § 1002(1).

> By definition, then, a welfare plan requires (1) a "plan, fund, or program" (2) established or maintained (3) by an employer or by an employee organization, or by both, (4) for the purpose of providing medical, surgical, hospital care, sickness, accident, disability, death, unemployment or vacation benefits, apprenticeship or other training programs, day care centers, scholarship funds, prepaid legal services or severance benefits (5) to participants or their beneficiaries.

*Donovan v. Dillingham*, 688 F.2d 1367, 1371 (11th Cir. 1982).

> "A decision to extend benefits is not the establishment of a plan or program. Acts or events that record, exemplify or implement the decision will be direct or circumstantial evidence that the decision has become reality–e.g., financing or arranging to finance or fund the intended benefits, establishing a procedure for disbursing benefits, assuring employees that the plan or program exists–but it is the reality of a plan, fund or program and not the decision to extend certain benefits that is determinative.
>
> In determining whether a plan, fund or program (pursuant to writing or not) is a reality a court must determine whether from the surrounding circumstances a reasonable person could ascertain the intended benefits, beneficiaries, source of financing, and procedures for receiving benefits."

*Harris v. Arkansas Book Co.*, 794 F.2d 358, 360 (8th Cir. 1986) (quoting *Donovan*, 688 F.2d at 1373). In order to establish an ERISA plan, "the plan must provide benefits to at least one employee, not including an employee who is also the owner of the business in question." *Slamen v. Paul Revere Life Ins. Co.*, 166 F.3d 1102, 1104 (11th Cir. 1999). An individual disability insurance policy that an employer purchases only for himself is therefore not an ERISA plan. *Id.* at 1105; *see also Yates v. Hendon*, 541 U.S. 1, 21, 124 S. Ct. 1330, 1344, 158 L. Ed. 2d 40 (2004).

It is undisputed that Gary Heral purchased disability insurance in 1991, four years before Kasey Heral and Kevin Anglin's policies were purchased. It is undisputed that, when Kasey Heral and Kevin Anglin's policies were issued in 1995, the insurance company set up an "Employee Security Plan" for those policies. According to the affidavit of Lucia LaPalme, an employee of Unum Group, "Gary Heral's policy was transferred to this Employee Security Plan" and "[t]he employer was sent one bill for all the policies." Two e-mails are attached to her affidavit. The first says: "Please reissue the above referenced policies [Kevin Anglin's and Kasey Heral's] with a 20% discount for ESP [Employee Security Plan] by placing them on a list bill with policy #01024886140 (Gary Heral)." In response, the following e-mail said: "I will set up List Bill and reissue Anglin and

Kasey Heral. I will add Gary Heral to the List Bill, however, he will not be eligible for the discount since he was issued more than two years ago." Even though the insurance company discounted the premiums for Kasey Heral and Kevin Anglin's policies by 20%, Heral Enterprises did not treat them as part of a plan. The company paid the premiums for Kasey Heral's policy and did not report those payments on her W-2; while Kevin Anglin negotiated a bonus on his salary to cover his insurance benefits, and he paid income tax on that bonus. Kasey Heral's disability insurance policy lapsed in 1999; Kevin Anglin's did not.

The case most closely on point seems to be *Slamen*. In *Slamen*, a dentist purchased health and life insurance from Centennial Life Insurance Company for himself and his employees and later purchased disability insurance for himself from Paul Revere. When Slamen sued Paul Revere in state court, Paul Revere removed the case to federal court and argued that Slamen's claims were preempted by ERISA. The issue was whether the disability policy was part of an employee welfare benefit plan and therefore covered by ERISA. The Eleventh Circuit held that it was not. The Court explained:

> Slamen argues that the disability insurance policy he purchased from Paul Revere in 1985 was not an ERISA plan because he wholly owned the dental practice and was the only person covered under the disability insurance policy. Thus, by virtue of § 2510.3-3(c)(1), he argues that he could not be considered an employee for purposes of determining whether the disability insurance policy was an ERISA plan. We agree. Slamen's disability insurance policy covered only himself. No employees received any benefits under the plan and there is nothing in the record showing that the disability insurance policy bears any relationship to the health and life insurance benefits that Slamen provides to his employees. On the contrary, the two policies were purchased at different times, from different insurers, and for different purposes. The first policy covers Slamen's employees as well as himself, while the second policy only covers Slamen and was not designed to benefit Slamen's employees.
>
> In light of these facts, we are not persuaded by Paul Revere's argument that ERISA nonetheless applies here because Slamen had in place other insurance for his

> employees. In *Kemp v. IBM Corp.*, 109 F.3d 708 (11th Cir.1997), we held that "non-ERISA benefits do not fall within ERISA's reach merely because they are included in a multibenefit plan along with ERISA benefits." Applying this principle, we held that an employer's retirement education assistance benefits were not benefits protected by ERISA and that their inclusion in a broader multibenefit plan did "not turn the non-ERISA benefit into an employee welfare benefit plan." By analogy, Slamen's disability insurance policy-which is not, by its terms, an ERISA plan-is not converted into an ERISA plan merely because Slamen also provides ERISA benefits to his employees.

*Slamen*, 166 F.3d at 1105 (citations omitted). Even if the policies issued to Anglin and Kasey Heral would be deemed part of an ERISA plan – an issue that is uncertain and need not be decided – Gary Heral's policy was separate from theirs. His policy covered only himself. No employee received any benefits from his policy. The insurance company sent one bill listing the premiums for the three policies, but that hardly makes the three policies part of an employee benefit plan even if the insurance company, on its own initiative, called them (or at least the two issued to Kasey and Anglin) an Employee Security Plan. From the standpoint of Heral Enterprises, the three policies clearly were not part of a plan. They were purchased on an ad hoc basis at three different times for three different reasons, and they were accounted for differently. Heral Enterprises paid premiums for Gary Heral (the owner) and Kasey Heral (the owner's daughter), but Anglin paid his own premiums from a bonus that he negotiated for that purpose. Kasey Heral's policy was allowed to lapse in 1999, while the other two continued in effect.

An employer benefit program must be analyzed separately from an employee benefit program absent evidence that the two programs are related. *Id*. at 1106. Here, there is no evidence that Gary Heral's disability policy is related to any employee benefit program. Based on the undisputed facts, Gary Heral's disability policy was not part of an ERISA plan.

## CONCLUSION

Because the undisputed facts show that Gary Heral's disability policy was not part of an ERISA plan and therefore is not governed by ERISA, the defendant's motion for summary judgment is DENIED. Document #13.

IT IS SO ORDERED this 18th day of November, 2008.

*/s/ J. Leon Holmes*
_____
J. LEON HOLMES
UNITED STATES DISTRICT COURT